SWIMLEY (RICHARDS v.). See Case No. 11, 773.

SWITZERLAND MAR. INS. CO. (SAWYER v.). See Case No. 12,408.

## Case No. 13,702.

### SWOPE et al. v. ARNOLD.

[5 N. B. R. 148.][1]

District Court, W. D. Missouri. 1871.

BANKRUPTCY—JUDGMENT LIEN—PROCEEDS OF SALE.

Where there is no dispute as to the validity of judgments under which executions were issued and levy made, the execution creditors are entitled to satisfaction out of the proceeds of the goods levied on by the sheriff, and afterwards seized by the United States marshal under a warrant in bankruptcy.

[Cited in Davis v. Anderson, Case No. 3,623; Re Hufnagel, Id. 6,837.]

[Cited in Pauley v. Cauthorn, 101 Ind. 93.]

Voluntary appearance by the parties.

The petition alleges that certain judgments were obtained by plaintiffs against Marks Lesem at the March term, eighteen hundred and sixty-eight, of the Miller county circuit court; that executions issued thereon and were levied on the merchandise of said Lesem; that after the said levy the said Lesem, on the petition of Claflin, Allen & Co., was declared a bankrupt, and that the United States marshal, under a warrant issued from the district court sitting in bankruptcy, took the merchandise levied on, and delivered the same to assignee Arnold, defendant in this cause, who disposed of the same as part of the estate of Lesem—concluding with a prayer for payment of said judgment. The answer denies that there was a good and valid levy or existing lien by virtue thereof at the time the marshal took possession of the goods as the property of Lesem; and

---

[1] [Reprinted by permission.]

affirms that if there had been such levy and lien, the same was abandoned and lost by the delivery of the property by the sheriff to Lesem; that the property belonged of right to the assignee, and that plaintiffs have no right to demand payment as asked for by them.

Statement of Facts: The bankrupt, Marks Lesem, was doing a mercantile business in the spring of the year eighteen hundred and sixty-eight, in Miller county, Missouri; was sued by plaintiffs in the circuit court of said county, and judgments, amounting to three thousand dollars, were obtained at the March term, eighteen hundred and sixty-eight; executions issued thereon, and were levied on the goods, wares and merchandise of said Lesem to the value of ten thousand dollars and upwards. The sheriff's return on execution shows that he executed the writ "by levying the same upon and seizing all the right, title, claim and interest of defendant in and to all his personal property, consisting of goods, wares, merchandise and machinery; done in said county this first day of April, eighteen hundred and sixty-eight; and I further certify that prior to the day of selling said property, to wit: On the eighth day of April, eighteen hundred and sixty-eight, the said defendant as principal, and J. M. Goodrich and Thomas Thompson as securities, executed to me a delivery bond in the penal sum of six thousand eight hundred and thirty-eight dollars and forty-two cents, conditioned that said property would be delivered to me on or before the day of sale. And I further certify that before sale the United States marshal for the western district of Missouri notified me not to sell said property as the same was of right the property of the assignee of said defendant. I hereby return said execution not satisfied, together with said delivery bond, this sixth day of October, eighteen hundred and sixty-eight." On the sixteenth day of April, eighteen hundred and sixty-eight, a creditor's petition was filed by Claflin, Allen & Co., on which petition Lesem was, on the twenty-fifth day of the same month, declared a bankrupt. Under the warrant issued in bankruptcy the marshal took the goods levied upon by the sheriff and delivered under the bond to Lesem, as the property of Lesem, and the same have been sold by the assignee. The question is shall the court order the assignee to pay from the proceeds arising from the sale of said goods the amount of the executions and costs.

Lay & Belch and Ewing & Smith, for Swope, Levy & Co., and others.

E. L. Edwards, for L. L. Arnold, assignee.

KREKEL, District Judge. The answer must be in the affirmative unless it shall appear that there was no such levy on the property of Lesem by the sheriff as would create a lien. The statutes of Missouri direct that the word "levy" be construed to mean "the actual seizure of the property by the officer charged with the execution of the writ;" and further provide that "no execution prior to the levy thereof shall be a lien on any goods, chattels, or other personal property." The return of the sheriff is that on the first day of April, eighteen hundred and sixty-eight, he executed the writ "by levying the same upon and seizing all the right, title, claim and interest of defendant in and to all his personal property, consisting of goods, wares, merchandise and machinery." To this return it is objected that there is no such description of property as constitutes a valid levy and lien. Giving the language used in the return its legal import, the conclusion must be that the sheriff took actual possession of the goods, wares, merchandise and machinery. This would enable the sheriff or any one interested to identify the property levied on—the object had in view by the enactment. Questions of identity under levies, mainly arise between claimants to the same property in cases of implied liens or possession, and the cases cited at bar are nearly all of that class. There is no doubt that creditors, other than the plaintiffs in these executions, could by proper steps, have compelled the sheriff to make a full description in his return of the goods levied on, that they might be enabled to prosecute and take care of their own interests, but such steps were not taken, nor if taken, would they be of avail. The possession of the property sufficiently identified it for any purpose, and the levy must be held good against the objections made.

It is strongly urged upon the consideration of the court that the delivery of goods by the sheriff under the bond, destroys the levy and makes void any lien that may have existed, and that the possession of, and title to, the property by such delivery, restored to Lesem all the rights which he had prior to the levy. Whatever of difficulty might have occurred in the absence of statutory provisions, the latter seem to solve. The law which authorizes the taking of a bond by the sheriff from the person who desires to retain possession of property levied on, provides that, "if the property is not delivered in conformity to the bond, the levy shall remain a lien upon the property taken for the satisfaction of the judgment into whose possession soever the property may pass." It is not necessary to discuss the difficulties which might arise in the construction of the latter part of this provision in a case where the property, in the ordinary course of trade, had passed out of the possession of the defendant in the execution, and was held by an innocent purchaser, for no such question is presented. The property in controversy was found in the possession of Lesem, taken by the United States marshal under a warrant in bankruptcy, and delivered to the assignee. To hold that by taking the delivery

bond the levy and lien had been abandoned or lost, would require such a construction of the provision cited as to declare that from the time of taking the bond and up to nondelivery in conformity to its conditions, no lien existed —a construction which the court is not willing to give. Whatever construction the phraseology may admit of, the intention of the law evidently is to continue the lien. It is urged that if a lien existed by force of state law, the marshal, in taking possession of the goods. committed a trespass. No question as to the act of the United States marshal has arisen, for the sheriff seems to have yielded his better right by prior levy, adopting, perhaps, the view of the court, or the one urged by the general creditor, that the delivery bond secured him and the plaintiffs in the executions. This, under ordinary circumstances, would undoubtedly be the case, but here the law had wrested from the defendant in the executions the property which he and his securities had obligated themselves to deliver. If they were liable on their delivery bond they certainly would have had a valid claim against the creditors of the bankrupt to the extent of the value of the goods taken or the amount of their liability on the bond. The property in this case amounted in value to more than double the amount of the judgments. The creditors who realized the benefit of the whole property must not be injured by the disposition to be made of the case. There being no dispute as to judgments under which execution issued and levy was made, the court holds that the execution creditors are entitled to satisfaction out of the proceeds of the goods levied on by the sheriff and afterwards seized by the United States marshal under a warrant in bankruptcy,· and orders accordingly.